part of a plaintiff is not to be ignored in actions to recover damages for personal injuries. Mastin v. City of New York, 201 N. Y. 81, 94 N. E. 611, 33 L. R. A. (N. S.) 784.

The judgment and order appealed from should be reversed and a new trial granted, costs to abide the event. All concur, except HIRSCHBERG and RICH, JJ., who dissent.

---

SHEA v. WESTINGHOUSE ELECTRIC & MFG. CO. et al.

(Supreme Court, Appellate Division, Second Department. December 21, 1911.)

1. RAILROADS (§ 355*)—INJURY TO PERSON ON TRACK—NEGLIGENCE.

An employé of a contractor to electrify the lines of a railroad company was struck by a train of the company. The company maintained four tracks; the two inside tracks being devoted to express trains and separated from the outside tracks by fences. The accident occurred on one of the inside tracks. There were crossings over the tracks, and the employé could have used them instead of entering on the inside tracks. The company had not invited the employé to climb over the fences and enter on the inside tracks. The employé and his companions were engaged in installing insulators along the entire length of the tracks, and they were not stationed at the point of the accident to perform general work requiring days. Held, that the company was as a matter of law not liable; the employé being a trespasser on the track.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1220–1227; Dec. Dig. § 355.*]

2. RAILROADS (§ 381*)—INJURIES TO PERSON ON TRACK—CONTRIBUTORY NEGLIGENCE.

The employé was as a matter of law guilty of contributory negligence in entering on the tracks without taking any precautions to protect himself.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1285–1293; Dec. Dig. § 381.*]

3. MASTER AND SERVANT (§ 89*)—INJURY TO SERVANT—NEGLIGENCE.

Where an employé of a contractor to electrify the lines of a railroad company was not required to perform work on tracks inclosed by fences, and on which the railroad company operated trains, but was required to work alongside such tracks, and there were safe crossings within a short distance of where he worked, the contractor was not liable for injuries sustained by the employé in consequence of his entering on the tracks and being struck by a train.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 153–156; Dec. Dig. § 89.*]

Appeal from Trial Term, Westchester County.

Action by Patrick J. Shea against the Westinghouse Electric & Manufacturing Company and another. From a judgment dismissing the complaint as to defendant the New York, New Haven & Hartford Railroad Company, and from an order setting aside a verdict for plaintiff against defendant named, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and BURR, CARR, WOODWARD, and RICH, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Michael J. Tierney, for appellant.

E. Clyde Sherwood, for respondent Westinghouse Electric & Mfg. Co.

Nathaniel S. Corwin, for respondent New York, N. H. & H. R. Co.

WOODWARD, J.    The Westinghouse Company had a contract with the New York, New Haven & Hartford Railroad Company for the electrifying of the lines of the latter company between the city of New York and Stamford, Conn.    The plaintiff was an employé of the Westinghouse Company, and was what was known as a "groundman"; his duties being to act as an assistant to a man who was engaged at the time of the accident in installing insulators upon the poles or superstructure used for carrying the wires which were to transmit the power for the operation of the trains of the defendant railroad company.    The evidence shows that the work was being carried on all the way from Wakefield to Rye, and occasionally as far east as Stamford, and that the insulators were being placed at the rate of from four to six per hour, the installation being for the most part upon poles, and we may assume that these were the usual distance apart, so that the place in which the work was to be performed was along the right of way, but not upon the tracks, of the railroad company.    The exact location of the accident was in a cut about 150 feet to the westward of the station at Mt. Vernon.    There were four tracks, two of them at the extreme outside being used generally for local traffic, and two inside tracks being devoted to express trains. The two middle tracks at this particular point were separated from the outside tracks by fences, this apparently being one of the precautions made use of by the railroad company in taking care of its passenger traffic at the station.    On the day of the accident, the Westinghouse Company had work trains upon each of the two outside tracks, and the entire traffic of the railroad was concentrated upon the middle tracks.    To the westward of the point where the plaintiff was injured there was a curve in the railroad which prevented trains from being seen until they were within about 150 feet.    The plaintiff testified that he was told by his foreman to get the insulators and other materials from the work train at the command of the man who was engaged in installing the insulators, and that the latter directed him to go to the work train which was on the opposite side of the track from the point where the work was being done, and to bring the necessary materials; that this work had been going on for three or four days with the plaintiff taking the materials from the work train, and carrying them to the lineman; that on the day in question he had climbed over the fences, and secured two insulators weighing about 12 pounds each, and had climbed back over one of the fences, and was upon the express tracks, when his companion, who was acting in a like capacity for another lineman, and who was just ahead of him, called out that a fast one was coming, meaning an express train; that plaintiff then looked in both directions, and saw no train; that he then dropped the insulators, and started to retrace his steps, and to climb over the fence which he had just passed over; that he

reached the top of the fence, and that the defendant's train, without sounding any warning, rushed past, the cars scraping him as they passed, and that he finally fell down on the ground away from the train, receiving serious injuries. There was evidence in the case that there were overhead crossings of the railroad tracks within a short distance in either direction, and there was no evidence that the plaintiff had been directed in what manner he should go to and from the work train, though it appeared that he had been climbing the fences and crossing over the tracks during that day. The learned trial court dismissed the complaint as to the railroad company, holding that there was no evidence of any negligence on the part of that company, and, upon the jury finding a verdict against the Westinghouse Company, the motion to set the same aside and to grant a new trial was granted; the court holding that the verdict was against the weight of evidence as to all of the material issues. The plaintiff appeals from the judgment and order.

[1] We think it entirely clear that the plaintiff has failed to show a breach of any duty owed by the railroad company to him. The railroad company, so far as the evidence discloses, had no reason to expect the plaintiff to be upon its express tracks at this particular time and place. It therefore owed him no duty of warning. It was operating its trains in a cut 20 feet in depth, where overhead crossings had been provided, and where it had fenced off its tracks from the local tracks for the very purpose of securing safety in operation. It had in no sense invited the plaintiff to climb over these fences and to intrude upon its tracks. The very presence of the fence was notice to the plaintiff that he was not expected to trespass upon the tracks, and he testifies that his work was not upon such tracks, but alongside of them. The plaintiff and his companions were not stationed at this point to perform a general work requiring days, but were engaged in installing the insulators along the entire length of the tracks from New York to Stamford, and the mere fact that they happened at this particular moment to be at or near the Mt. Vernon station, where the view to the westward was limited by a curve, did not impose any special duty upon the railroad company. The plaintiff was a trespasser upon these particular tracks at least, and the railroad company, in the absence of knowledge that he was there, owed no duty to him whatever.

[2] Besides, the plaintiff was guilty of contributory negligence as a matter of law in climbing over the fence and getting upon the defendant's right of way without taking any precautions whatever to protect himself. He testifies that he had not thought of the train, and the only time that he appears to have looked for a train was after he was in the middle of the track, and after his companion had called to him that a fast one was coming. Surely the railroad company could not be held liable for this accident.

[3] The same reasoning applies to the Westinghouse Company. Of course, if the plaintiff's work had required his presence upon the tracks of the railroad company at this particular place, if the point of the accident had been the place provided by the defendant for the

performance of the work, there might have been some duty imposed upon the Westinghouse Company to provide a man to give signals of the approach of trains, but no such condition existed. The special danger complained of was one which grew out of the progress of the work. An hour later the work would have reached a point where the view would have been extended several hundred feet. It was only because in the progress of the work the plaintiff had reached a particular point on the railroad that a condition was created which increased the danger of being upon the track, but as the evidence of the plaintiff himself discloses that his work was not to be performed upon the tracks, but alongside of them, and that there were perfectly safe crossings within a short distance in either direction, and that the plaintiff had to commit an affirmative act of negligence, amounting to a positive trespass, to get into his position of danger, it is hard to understand how the Westinghouse Company could have been liable for his injuries. That company was not bound to anticipate that its employés would disregard so obvious a warning of danger as the fencing off of these particular tracks, that they would, where safe means were at hand, willfully disregard the precautions of the railroad company, and go into a position so openly and obviously dangerous.

The judgment and order appealed from should be affirmed.

Judgment and order unanimously affirmed, with costs. All concur.